IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DORIS B. JONES     PLAINTIFF

vs.     CIVIL NO. 05-1045

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION     DEFENDANT

## MEMORANDUM OPINION

Doris Jones ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income ("SSI"), under Title XVI of the Act.

**Background:**

The application for SSI now before this court was filed on March 5, 2003, alleging an onset date of September 27, 1997,[1] due to right eye blindness, glaucoma, arthritis of the right shoulder, and depression. (Tr. 63, 84, 153, 156, 162). An administrative hearing was held on June 21, 2004. (Tr.

---

[1] Other documents filed in support of plaintiff's application indicate an onset date of September 27, 1975. (Tr. 84). However, the record reveals that plaintiff has been filing applications for SSI benefits since June 1974. (Tr. 31). To date, this appears to be her seventh attempt at securing disability. (Tr. 31). Prior to this current application, plaintiff last filed for SSI benefits on May 6, 1999. That application was denied on July 25, 2001, without further appeal. (Tr. 28).

In the present case, the ALJ concluded that there was no basis to reopen the prior decision. (Tr. 13). We agree that the prior administrative denial is *res judicata* as to the existence of disability on or before July 25, 2001, the date of the last ALJ's decision. 42 U.S.C.A. § 405(h); 20 C.F.R. § 416.1457(c)(1). However, we also note that SSI may not be granted prior to a claimant's application filing date, because benefits through an SSI application are allowed only after all regulatory criteria are established, namely after the SSI application is filed. *See* 20 C.F.R. § 416.335; *Jernigan v. Sullivan*, 948 F.2d 1070, 1072 n. 3 (8th Cir. 1991). Therefore, plaintiff's earliest possible date of disability is March 5, 2003, the date she filed this application for benefits.

150). Plaintiff was present and represented by counsel.

On November 24, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding that, although severe, plaintiff's loss of vision in her right eye and left eye glaucoma did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 20). At this time, plaintiff was fifty-three years old and possessed a high school education. (Tr. 63, 90). The record reflects that she has worked in the past, but that none of her experience qualified as past relevant work experience ("PRW"). (Tr. 13, 20).

After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ( "RFC"), to perform the exertional and non-exertional demands of work at all exertional levels reduced only by her inability to perform work requiring precise depth perception. Utilizing the Medical-Vocational Guidelines ("Grids"), the ALJ then found that plaintiff could perform work that existed in significant numbers in the national economy. (Tr. 20).

On March 21, 2005, the Appeals Council declined to review this decision. (Tr. 3-5). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 10, 11).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

2

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's determination that plaintiff could perform the exertional and non-exertional requirements of all levels of work. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ concluded that plaintiff had no exertional limitations. However, the pertinent medical evidence reveals as follows. On May 27, 2003, plaintiff underwent an agency

4

AO72A
(Rev. 8/82)

ordered consultative examination with Dr. Kathryn A. Irizarry. (Tr. 138-139). Dr. Irizarry diagnosed plaintiff with arthritis of the right shoulder, noting that plaintiff was unable to achieve full extension in the right shoulder. (Tr. 139). She also indicated that plaintiff experienced discomfort when raising her arm over her head. In addition to pain in the shoulder, Dr. Irizarry also noted some tenderness in plaintiff's lower back, although there were no range of motion limitations. (Tr. 139).

Additionally, although an x-ray of plaintiff's right shoulder was normal, an RFC assessment completed by Dr. Joe Shaver, a non-examining, consultative examiner, on June 5, 2003, indicated that plaintiff was limited to lifting lift twenty pounds occasionally and ten pounds frequently. (Tr. 46). He noted her history of degenerative joint disease in the right shoulder, stating that it limited her ability to reach overhead. (Tr. 46). Further, his review of medical records led him to conclude that she was limited with regard to reaching in all directions, gross manipulation, depth perception, and field of vision. (Tr. 48). We note that this is the only RFC assessment contained in the file. However, the ALJ neither discussed nor considered this assessment in her opinion.

Further, while admitting that plaintiff took Percodan for her shoulder pain, the ALJ concluded that plaintiff's shoulder impairment was non-severe. (Tr. 15). Percodan is a Schedule II controlled substance, comprised of Oxycodone and Aspirin. *See Physician's Desk Reference*, pp. 1115 (60th ed. 2006). It is prescribed to treat moderate to moderately severe pain. *Id*. The ALJ, however, also failed to take this into consideration. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (holding that the ALJ must consider the dosage, effectiveness, and side effects of the plaintiff's medication before dismissing her subjective complaints). Accordingly, we believe that remand is necessary to allow the ALJ to reevaluate her RFC findings in this case. Given the scant

5

nature of the medical evidence in this case, on remand, the ALJ is further directed to order an orthopaedic consultative examination to determine the degree to which plaintiff's arthritic shoulder limits her ability to perform exertional activites. *See Boyd v. Sullivan,* 960 F.2d 733, 736 (8th Cir.1992) (holding that "'[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision'") (quoting *Reeves v. Heckler,* 734 F.2d 519, 522 n. 1 (11th Cir.1984)); see also 20 C.F.R. § 404.1519a (2001).

Also of concern is the fact that the ALJ arrived at her determination that there were a substantial number of jobs in the national economy that plaintiff could perform, without consulting a vocational expert. Instead, the ALJ relied solely on the Grids. Generally, if the claimant suffers from non-exertional impairments that limit her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize the testimony of a vocational expert. *Groeper v. Sullivan,* 932 F.2d 1234, 1235 n. 1 (8th Cir. 1991). The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are non-exertional impairments if the ALJ finds, and the record supports the finding, that the non-exertional impairments do not significantly diminish the claimant's RFC to perform the full range of activities listed in the guidelines. *Reed v. Sullivan,* 988 F.2d 812, 816 (8th Cir. 1993).

In the present case, there can be no doubt that plaintiff suffers from non-exertional impairments, namely the complete loss of vision in her right eye due to an injury and the loss of visual acuity in her left eye due to disease. (Tr. 110, 111, 122, 123, 125, 126, 128, 131, 134). Records reveal that plaintiff's right eye exhibited no useful vision. Further, due to glaucoma and photophobia, she also suffers from a loss of visual acuity in the left eye. Given these non-exertional

6

impairments supported by substantial evidence of record, it was incumbent on the ALJ to call a vocational expert to determine whether there were jobs in the national economy that plaintiff could perform, and if so, the extent to which that base may be diminished by her impairments. *See Doolittle v. Apfel*, 249 F.3d 810, 811 (8th Cir. 2001) (holding that a lack of visual acuity in one eye is a non-exertional impairment requiring the testimony of a vocational expert). The omission of testimony from a vocational expert here leaves us with an undeveloped and inconsistent record, and provides us no alternative but to remand for further proceedings. *See Draper v. Barnhart*, 425 F.3d 1127, 1132 (8th Cir. 2005).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 10th day of July 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)